JOHN B. HIGHAM, RESPONDENT, *v.* ELIAS H. GAULT, APPELLANT.

*Evidence to show that witness entertains unfriendly feelings towards a party — inadmissible, unless it tend to show such feeling at the time of the trial.*

APPEAL from judgment of the County Court of Monroe county in favor of the plaintiff, entered on the verdict of a jury. The

384       HIGHAM v. GAULT.

action was brought to recover damages for an assault and battery committed on the plaintiff by defendant and his .wife. The defendant, in his answer, alleged that the injuries done to the plaintiff were inflicted while defendant and his wife were excited by hearing that plaintiff had accused defendant's wife and daughter of a want of. chastity. On the trial the offense was proved, and defendant gave evidence in support of his defense.

The court at General Term, after considering other objections, said: " The defendant was examined as a witness in his own behalf and testified that he discharged the plaintiff from his employment, and the defendant's counsel asked the witness if, at that time, there. was any difficulty between them. The plaintiff's counsel objected to the question, on the ground that it was immaterial. The court sustained the objection, and defendant's counsel excepted. The question was not answered. This witness said he had a conversation with plaintiff at the time he discharged him. The defendant's counsel asked witness what he said. Plaintiff's counsel objected that it was not competent. Defendant's counsel offered to show that when defendant came home from the west he found that plaintiff had been drunk while he was gone, and he discharged him on that ground, and plaintiff was angry on account of it. Plaintiff's counsel objected to the evidence as being immaterial. The court sustained the objection, and defendant's counsel excepted. It is competent for a party, against whom a witness is called to testify, to show that the witness entertains unfriendly feelings toward him in order to enable the jury to make such allowance, in the weight to be given to the evidence, as the state of feeling under which it is given shall require; but the unkind feeling must be shown to exist when the evidence is given. The witness may have been angry at the defendant years before the trial, and the anger have entirely disappeared. Unless it is. made to appear that the unkind feeling exists at the trial, or has arisen so recently that it can be assumed to continue, it is incompetent. There is nothing in this case to make the evidence admissible.

The evidence was given in September, 1876, and the plaintiff was discharged in November, 1875."

Townsend & Sullivan, for the appellant. D. C. Feeley, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.